# 21-2419-cr(L), 21-2866-cr(CON)

# United States Court of Appeals

*for the*

## Second Circuit

UNITED STATES OF AMERICA,

*Appellee,*

— v. —

JOSEPH BONGIOVANNI, MICHAEL MASECCHIA,

*Defendants,*

PETER GERACE, JR.,

*Defendant-Appellant.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

## CONFIDENTIAL BRIEF FOR DEFENDANT-APPELLANT (FILED UNDER SEAL)

STEVEN COHEN
EDWARD P. YANKELUNAS
HOGANWILLIG, PLLC
*Attorneys for Defendant-Appellant*
2410 North Forest Road, Suite 301
Amherst, New York 14068
(716) 636-7600

Filed Under Seal

## TABLE OF CONTENTS

Table of Authorities.................................................................ii

Statement of Jurisdiction......................................................1

Standard of Review..............................................................1

Statement of Issues Presented..............................................1

Statement of Facts...............................................................2

Summary of Argument.........................................................2

Point I: The Government Has Not Demonstrated a
    Need for an Injunction....................................................4

Point II: The *Ex Parte* Consideration of the Government's
    Motion was Improper.......................................................9

Conclusion............................................................................13

## TABLE OF AUTHORITIES

**Cases**

*Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs,* 398 U.S. 281, 297 (1970)…6

*Joint Anti-Fascist Refugee Committee v. McGrath,* 341 U.S. 123, 168 (1951)……9

*In re Grand Jury Subpoena,* 866 F.3d 231 (5th Cir. 2017)………………….8, 12

*Leiter v. United States,* 352 U.S. 220 (1957)….…………………...…4, 10, 11

*N.L.R.B. v. Nash-Finch Co.,* 404 U.S. 138, 145 (1971)……………………….4

*S.E.C. v. Moody,* 186 F.Supp 2d 379 (S.D.N.Y. 2002)…………………………..8

*United States v. Abuhamra,* 389 F. 3d 309, 322 (2d Cir. 2004)……………...…..9

*United States v. All Funds on Deposit, etc.,* 767 F.Supp 36 (E.D.N.Y. 1991)..…6, 7

*United States v. Dyer,* 19-cv-1319, 2019 WL 4858384 (E.D. Wisc. October 2, 2019)……………………………………………………………………11

*United States v. Feneziani,* 2007 WL 2176490 (W.D.N.Y.) 2007)……………… 8

*United States v. Fin. Indus. Regulatory Auth.,* 607 F. Supp 2d 391 (E.D.N.Y. 2009)……………………………………………………………………5, 7

*United States v. Leasehold Interests in 118 Avenue D,* 754 F. Supp 282 (E.D.N.Y. 1990)……………………………………………………………………6, 7

*United States v. Sid-Mars Restaurant & Lounge, Inc.,* 644 F.3d 270, 272 (2011).4, 5

*Wyly v. Weiss,* 697 F.3d 131, 140 (2d Cir. 2012)………………………...1, 5, 6

**Statutes**

Anti-Injunction Act, 28 U.S.C. § 2283………………………………….……… 4

All Writs Act, 28 U.S.C. § 1651(a)……………………………………………5, 6

18 U.S.C. § 3231..................................................................1

28 U.S.C. § 1292..................................................................1

Filed Under Seal

## STATEMENT OF JURISDICTION

The district court had jurisdiction under 18 U.S.C. § 3231. This court has jurisdiction under 28 U.S.C. § 1292. The Appellant filed a timely notice of appeal on September 24, 2021.

## STANDARD OF REVIEW

It is respectfully submitted that the Court's review of a District Court's issuance of a injunction staying a state court action is for an abuse of discretion and for a review of factual findings is clear error. *Wyly v. Weiss,* 697 F.3d 131 (2012).

## STATEMENT OF ISSUES PRESENTED

Whether it was error for the District Court to grant an injunction staying a defamation action pending in New York State Supreme Court, Erie County, filed by the Appellant approximately one year before being indicted in District Court based on the Government's contention that discovery obtained in the state court case could potentially be exploited by the Appellant in the criminal case and witnesses (defendants in the civil case) could potentially be threatened by the Appellant and, further, was it error for the District Court to hear the Government's motion for the aforesaid injunction on a *ex parte* basis and to permit the Government's submissions in support of the motion to be sealed.

{H3355566.1}                                      1

## STATEMENT OF FACTS

On October 12, 2020, the Appellant filed an action in New York State Supreme Court, Erie County (███████ █ ██████████ ██ ████████████ ██████, asserting defamation claims against the defendants (CA-15). On February 2▓, 2001, the Appellant was indicted in District Court and, an April 29, 2021, the United States Government (the "Government") made an *ex parte* motion in District Court for an injunction staying the State Action (A-46). The Court granted the motion which stayed the State Action "until further order of [the] Court." (A-1). The Court permitted the Government's submission in support of the motion to be placed under seal.

Thereafter, on June 10, 2021 the Appellant filed a motion in District Court to vacate the aforesaid Order granting the injunction of the State Action. After submissions to the Court by the Appellant and the Government, the Court heard oral argument on the motion to vacate on July 22, 2021 (Hon. John L. Sinatra, Jr.) (A-63) and on September 10, 2021 issued the Decision and Order appealed from which denied the Appellant's motion to vacate the Order enjoining the State Action (A-100).

## SUMMARY OF ARGUMENT

The Appellant appeals from a September 10, 2021 Decision and Order of the United States District Court for the Western District of New York (Hon. John L.

Sinatra, Jr.). On April 29, 2021, the District Court granted an *ex parte* motion made by the United States Government (the "Government") to obtain an injunction staying a defamation action pending in New York State Supreme Court, ▮▮▮▮▮▮ ▮▮▮▮▮▮ ▮▮▮▮▮▮ ▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. ▮▮▮▮▮▮ until further order of the Court. In addition to the Government's motion being improperly made on an *ex parte* basis, inasmuch as the Government's submissions in support of the motion are under seal, the Appellant's attorney has not been permitted to review the Government's *ex parte* submission to the Court in support of the requested injunction. The September 10, 2021 Decision and Order which is the subject of the instant appeal denied the Appellant's motion to vacate the injunction granted at the *ex parte* request of the Government.

Assuming *arguendo* that the lower Court had the authority to stay a civil suit which was filed a year before the Appellant was indicted, as explained below, merely conclusory contentions by the Government that there is a potential that discovery in a state court civil case may be exploited in a criminal case will never justify an injunction to stay a state court civil suit. In the Government's oral argument opposing the Appellant's motion to vacate the injunction, the Government only makes conclusory statements about **potential** intimidation of witnesses and **potential** premature discovery that may exploited in the criminal action. Furthermore, and equally important, due to the lower Court's *ex parte* treatment of

{H3355566.1}                                    3

the Government's request for a stay, the Appellant was denied the critical opportunity to challenge and refute all contentions made by the Government in requesting the extraordinary relief of a stay of the state court action.

## ARGUMENT

## POINT I

### THE GOVERNMENT HAS NOT DEMONSTRATED A NEED FOR AN INJUNCTION

#### A. Irreparable Injury to the National Interest

Both the District Court and the Government cite *Leiter v. United States,* 352 U.S. 220 (1957) in support of the proposition that the Anti-Injunction Act does not apply to the federal government. Judge Sinatra quotes language from Justice Frankfurter's decision which appears directly after the following (which is not quoted or referenced by Judge Sinatra):

> The [Anti-Injunction Act] is designed to prevent conflict between federal and state courts. The policy is much more compelling when it is the litigation of private parties which threatens to draw the two judicial systems into conflict then when it is the United States which seeks a stay **to prevent threatened irreparable injury to a national interest.**

*Id* at 225-226 (emphasis added); *see also, N.L.R.B. v. Nash-Finch Co.,* 404 U.S. 138, 145 (1971) ("In *Leiter,* the United States brought suit under the authority of the Attorney General. Here, it is the Board that moved to prevent 'irreparable injury to a national interest.'"); *United States v. Sid-Mars Restaurant & Lounge, Inc.,* 644

{H3355566.1}                                                    4

F.3d 270, 272 (2011) ("The [*Leiter Minerals*] Court held that Congress did not intend the Anti–Injunction Act to apply 'when it is the United States which seeks a stay to prevent threatened irreparable injury to a national interest.'").

The most common category of national interest warranting such a stay—indeed, the interest at issue in *Leiter Minerals* itself—appears to be where the United States claims an ownership interest in a *res* or property at issue in a state court proceeding. There is no doubt that the New York State Supreme Court defamation suit at issue on this appeal threatens no such harm. So then what is the national interest at risk of irreparable harm in this case? Tellingly, the Government made no specific contentions on this point in its submissions at the District Court opposing the Appellant's motion to vacate the injunction. Nor, given the *ex parte* nature of the Government's motion for the injunction, can Appellant's counsel ascertain whether any reasons were provided to the Court.

## B. The Government's Conclusory Claims of Potential Abuse of State Court Civil Discovery are Inadequate

As this Court has observed, "the fact that an injunction *may* issue under the Anti-Injunction Act does not mean that it *must* issue." *Wyly v. Weiss*, 697 F.3d 131, 140 (2d Cir. 2012). In *United States v. Fin. Indus. Regulatory Auth.*, 607 F. Supp 2d 391 (E.D.N.Y. 2009) – a case cited herein by Judge Sinatra – the Court noted it had authority under the All Writs Act to enjoin arbitration proceedings that "threaten

to interfere with its jurisdiction over a pending criminal case." *Id* at 393. Notably, the Court went on to stress:

> Whether a particular proceeding poses such a threat is another matter.

*Id.* Moreover, the federal courts have consistently held that "[a]ny doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed in an orderly fashion to finally determine the controversy." *Wyly v. Weiss, supra* at 137, *quoting, Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs,* 398 U.S. 281, 297 (1970).

With regard to claims by the Government that a state court action must be stayed to prevent potential abuse of state court discovery in federal criminal proceedings, to overcome the presumption that the state court action should proceed federal courts have insisted on a particularized factual showing by the Government to justify such extraordinary relief. In that connection, in *United States v. All Funds on Deposit, etc.,* 767 F.Supp 36 (E.D.N.Y. 1991), where a claimant in a civil forfeiture proceeding was a defendant in a related criminal proceeding, the Government sought a stay of the civil action pending the completion of the criminal proceeding. In denying the Government's request for a stay, the Court reasoned:

> As stated in *United States v. Leasehold Interests in 118 Avenue D,* [754 F. Supp 282 (E.D.N.Y. 1990)]. . ., mere conclusory allegations of **potential** abuse or simply the **opportunity** by the claimant to improperly exploit civil discovery will not avail on a motion for a stay (754 F. Supp

{H3355566.1}                                               6

> at p. 287 [emphasis original]). Here, the Government fails to point to any specific discovery request or abuse that has taken place or any other compelling reason why the forfeiture action should by stayed at that time.

*Id* at 42.

Significantly, at oral argument of the Appellant's motion to vacate the subject injunction in the instant case, the Government's attorney made precisely the kind of conclusory contentions about potential abuse the Court found to be inadequate in *United States v. All Funds on deposit, etc.* Specifically, in purporting to explain why an injunction was necessary "because the State court proceedings would frustrate the process here in Federal Court[,]", the Government's attorney stated:

> It would provide the defense with premature discovery, **potentially**, by way of **potentially** depositions and other discovery, other discovery that **would likely come** with the progress of the State civil suit
>
> * * *
>
> [T]he Federal interest and the Government's interest in this case is very high in protecting that type of information and protecting of - against **potential** threats to additional witnesses

(A-66, 71) (emphasis added). Furthermore, if the purported prejudice to the Government consists of a criminal defendant having more information than he otherwise would because of the use of discovery in the state court civil case, such a "loss of the government's usual tactical advantage is insufficient to justify" a stay. *United States v. Fin. Indus. Regulatory Auth.*, supra at 399.

Both the Court below and the Government cited the Fifth Circuit's decision in *In re Grand Jury Subpoena*, 866 F. 3d 231 (5th Cir. 2017) as authority to support the injunction requested and granted in the instant case; in fact, the Court cited that case when stating that the Court "must weigh all factors – pro and con – before issuing a stay." (A-104). However, *In re Grand Jury Subpoena* is obviously distinguishable because there, unlike the instant case, the state court litigation was enjoined "[a]fter an evidentiary hearing," *Id* at 233. Here, the subject injunction was requested and granted *ex parte,* and the Government's submissions remain under seal. Therefore, despite Judge Sinatra's statement about weighing "pro and con" factors, the Appellant was deprived of the opportunity to challenge whatever the Government presented in support of a stay. Indeed, to this day, due to the sealed submissions, the Appellant and his counsel do not know what the Government presented to the Court to purportedly justify the injunction. See also, *S.E.C. v. Moody,* 186 F.Supp 2d 379 (S.D.N.Y. 2002) (when the Government seeks to stay a civil action to avoid the use of premature discovery in criminal case, Court must "weigh competing interests").

Also distinguishable is the case Judge Sinatra cited for the proposition the *"ex-parte* treatment was proper" because the Government "supported its motion with grand jury testimony." (A-107) *see, United States v. Feneziani,* 2007 WL 2176490 (W.D.N.Y.) 2007). *Fenziani* involved an ex parte submission of an affidavit

"explaining the nature of [a] . . . grand jury investigation" *Id* at *2, not an *ex parte* motion using sealed submissions to obtain the extraordinary stay of an on-going state court action.

## POINT II

### THE *EX PARTE* CONSIDERATION OF THE GOVERNMENT'S MOTION WAS IMPROPER

In *United States v. Abuhamra,* 389 F. 3d 309, 322 (2d Cir. 2004), this Court underscored the danger of *ex parte* communications between the Government and the Courts and referenced the concurring opinion in *Joint Anti-Fascist Refugee Committee v. McGrath,* 341 U.S. 123, 168 (1951) where "Justice Frankfurter famously observed that 'the right to be heard before being forced to suffer a serious loss is a principle basic to our society,' specifically to its democratic commitment to 'fairness'" *Id, quoting,* 341 U.S. at 123. Of particular relevance to the present appeal and prosecutorial *ex parte* submissions to the Court by the Government, Justice Frankfurter forcefully observed that "'[f]airness of procedure' which is the essence of due process . . . require[s], at a minimum, that a person 'in jeopardy of serious loss' be given 'notice of the case against him and opportunity to meet it.'" *Id, quoting* 341 U.S. at 171-172.

In the present case, the Appellant is forced to guess what the Government whispered to the Court *ex-parte,* but refused to reveal to the Appellant's lawyer. *Ex parte* motions are troubling for non-moving parties under any circumstances, but it

{H3355566.1}                                   9

is extremely rare for non-moving counsel to remain in the dark perpetually. Indeed, Justice Frankfurter would have certainly agreed that it is anathema to the jurisprudence of a constitutional republic that the Government is permitted to draft and provide a Court with the moving papers that resulted in the issuance of the injunction (A-6, Doc. 117) and the counsel for the Appellant in the civil action, is permitted to see nothing. The Appellant and his counsel remain in the dark as to what factual basis warrants the lower Court's extraordinary interference with state court proceedings, and will presumably remain in the dark in this appeal. The Court permitted a prosecutor to tell the Court secretly what injunctive relief they want, and the Court has improperly acceded to the prosecution's wishes in both granting the injunctive relief, and keeping Appellant's counsel completely uninformed as to the reasons for the granting of the extraordinary relief.

In effect, the Government has convinced the Court to abandon due process, to deprive the Appellant of effective assistance of counsel, and to declare that the Appellant is simply not entitled to the rights that fundamentally define the United States as a nation. This offends our most basic constitutional principles.

The Appellant is being prevented from engaging in discovery in a civil defamation case that precedes the indictment against him. It cannot be the case that uncovering the truth about a factual event could be considered the "frustration of superior federal interests." *Leiter Minerals*, 352 U.S. at 225–26. Granted, the

outcome of the state court case might incidentally affect the Government's decisions regarding how it chooses to utilize the testimony of two civil defendants, ███ ███████████████████████████████████████████████ ███████████ who have defamed the Appellant with provably false allegations, and who may be witnesses in this criminal case. But the existence of a prior state court judgment—similar to the existence of state court party stipulations or immunity agreements—commonly constrains prosecutions in this manner. Absent some extraordinary extenuating circumstance that the Government has still not divulged to Appellant's counsel but divulged secretly to the lower Court, it would be constitutionally offensive to upend the important goals of federalism for so commonplace a circumstance.

The Government has not made any showing that the purpose of the state court lawsuit was to intimidate or harass a Government witness, as was the case in *United States v. Dyer*, 19-cv-1319, 2019 WL 4858384 (E.D. Wisc. October 2, 2019). In any event, that would require considering the crucial fact that the state court lawsuit was filed over a year before the Appellant was indicted in this Court.

It is unclear how staying a state court lawsuit could be necessary to protect defendants ████████ as "potential witnesses", as so characterized by the Government. The record is clear that the Appellant needed to obtain Orders of Protection against a harassing ████ ███ for ██ aggressive conduct against him

11

{H3355566.1}

(A-6, Doc 130). That (state civil) defendant ███ continues to live openly in the Buffalo area, and continues to publish ██ defamatory comments and make statements about ██ involvement as a grand jury witness and informant on social media available to all to read demonstrates that neither ██ nor the Government are truly concerned about ██ safety.

Moreover, the above-referenced Fifth Circuit decision in *In re Grand Jury Subpoena*, 866 F.3d 231 (5th Cir. 2017) reaffirms that an injunction is unsuitable in the instant case. There, a company was "pursuing a civil lawsuit in state court seeking, among other things, return or ownership of electronic devices currently held by federal investigators." *Id.* at 233. The district court temporarily enjoined a state court suit. *Id.* at 233. The Fifth Circuit affirmed, concluding that the state court action's primary goal (return of the devices under the government's control) "could undermine the federal criminal investigation into the company. *Id.* at 235. It is difficult to discern any way in which the Government could be prejudiced in a similar way here. The Appellant's defamation action does not seek to claw back or interfere with any information presently under the Government's control. Nor does it endeavor to (nor could it) inhibit the Government's ability to investigate the Appellant.

Finally, even if the Appellant is successful in his state court defamation suit, that would not preclude the Government to any extent from pursuing its criminal

{H3355566.1}                                      12

charges. In fact, the Government could even call civil defendants ███████ as witnesses in its case to testify against the Appellant in the same manner as they will have testified in the defamation case. It is well settled that issue preclusion against non-parties to an original lawsuit is generally forbidden. Put simply, it is a misconception of issue preclusion to contend that the Appellant's state court case could irreparably harm the Government's interest in later prosecuting him.

A more likely explanation for the extraordinary relief sought and obtained by the Government is that the Government fears the total destruction of the credibility of the civil defendants in the civil action. The Government may fear that deposition testimony adduced in the civil case will be used by the Appellant's criminal defense counsel to impeach the Government's witnesses at trial, or perhaps be used to challenge the sufficiency of the grand jury proceedings. Perhaps the Government fears a challenge to the indictment itself if the indictment was based on the testimony of these civil defendants that is proven false in the state court proceedings. If that is the case, the Court's interest in getting to the truth should outweigh the Government's interest in getting a conviction.

## CONCLUSION

Accordingly, based on all of the foregoing, it is respectfully requested that the Court reverse the September 10, 2021 Order of the District Court and vacate the

April 19, 2021 Order enjoining the state court action and grant the Appellant such

other and further relief that the Court deems proper.

Dated: April 11, 2022
        Amherst, New York

                                HOGANWILLIG, PLLC


                                /s/Edward P. Yankelunas, Esq.
                                Edward P. Yankelunas, Esq.
                                Steven M. Cohen, Esq.
                                Attorneys for Appellants
                                2410 North Forest Road, Suite 301
                                Amherst, NY 14068

Filed Under Seal

{H3355566.1}                            14

## <u>CERTIFICATE OF COMPLIANCE</u>

This brief complies with the type-volume limitations for F.R.A.P. § 32(a)(7)(b) and L.R. § 32.1(a)(4)(A) because the brief contains 7850 words.

This brief complies with the type face requirements of F.R.A.P. § 32(a)(5) and the type style requirements of F.R.A.P. §32 (a)(6) because the brief has been prepared in a proportionally spaced type face using Microsoft Office Word with 14 pt. font size and Times New Roman style font.

Dated: April 11, 2022

HOGANWILLIG, PLLC


*/s/Edward P. Yankelunas, Esq.*
Edward P. Yankelunas, Esq.
Attorneys for Appellants
2410 North Forest Road, Suite 301
Amherst, NY 14068

{H3355566.1}                                                    15