# 21-2419-cr(L), 21-2866-cr(CON)

# United States Court of Appeals

*for the*

# Second Circuit

UNITED STATES OF AMERICA,

*Appellee,*

– v. –

JOSEPH BONGIOVANNI, MICHAEL MASECCHIA,

*Defendants,*

PETER GERACE, JR.,

*Defendant-Appellant.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

## CONFIDENTIAL REPLY BRIEF FOR DEFENDANT-APPELLANT (FILED UNDER SEAL)

STEVEN COHEN
EDWARD P. YANKELUNAS
HOGANWILLIG, PLLC
*Attorneys for Defendant-Appellant*
2410 North Forest Road, Suite 301
Amherst, New York 14068
(716) 636-7600

## TABLE OF CONTENTS

TABLE OF AUTHORITIES................................................................................i

PRELIMINARY STATEMENT......................................................................ii

ARGUMENT.................................................................................................1

I.    Grand Jury Confidentiality Has Limitations And The *Ex Parte* Posture Of This Case Demonstrates Abuse Of Discretion By The District Court.......................................................................................................1

II.    The Government Failed To Show That The Injunction Was "Expressly Authorized By Congress" Pursuant To The Anti-Injunction Act....................................................................................................4

CONCLUSION...............................................................................................7

# TABLE OF AUTHORITIES

## Cases

*Holder v. Bankers Tr. Co.*, 1998 U.S. Dist. LEXIS 19861 (S.D.N.Y. Dec. 22, 1998)....................................................................................5

*United States v. Abuhamra,* 389 F.3d 309 (2d Cir. 2004).............................2

*United States v. Fin. Indus. Regulatory Auth.,* 607 F. Supp. 2d 391 (E.D.N.Y. 2009)....................................................................3

*United States v. Schurkman,* 728 F.3d 129 (2d Cir. 2013)...........................4, 5

*United States v. Ulbricht,* 858 F.3d 71 (2d Cir. 2017)................................3

*Wyly v. Weiss,* 697 F.3d 131 (2d Cir. 2012).........................................5

## Statutes

18 U.S.C. § 1514..........................................................................5, 6, 7

28 U.S.C.S. § 2283........................................................................1, 4, 6

## PRELIMINARY STATEMENT

Defendant-Appellant ("Appellant") respectfully submits this reply brief in further support of the instant appeal which requests that this Court reverse Judge John L. Sinatra's issuance of an injunction, which stayed a defamation action pending in New York State Supreme Court, ███████. The State Action was filed one (1) year before Appellant's indictment in District Court. The District Court should have denied the Government's request for an *ex parte* injunction as grand jury confidentiality has limitations, and the Government failed to meet its burden under the Anti-Injunction Act, 28 U.S.C.S. § 2283.

## ARGUMENT

## POINT I

### GRAND JURY CONFIDENTIALITY HAS LIMITATIONS AND THE *EX PARTE* POSTURE OF THIS CASE DEMONSTRATES ABUSE OF DISCRETION BY THE DISTRICT COURT.

As stated by the Government, decisions to proceed *ex parte* are reviewed for abuse of discretion. Appellant's initial submission establishes that the District Court's reliance upon mere speculation was improper. The District Court's *ex parte* treatment of the Government's request for a stay, as well the subsequent sealing of the Government's motion, contravenes judicial interest in due process, fairness, and justice.

In *United States v. Abuhamra*, 389 F.3d 309 (2d Cir. 2004), this Court found that the *ex parte* submissions should generally not have been entertained as they compromised the defendant's due process right to a fair hearing, and the public's interest in open criminal proceedings. As the Court stated:

> Even in such rare circumstances, due process permits a court to consider ex parte evidence . . . upon substitute disclosure of the substance of the information to the defense and scrupulous review by the court of the reliability of the sealed materials.

*Id.* at 321.

As in *Abuhamra*, the Appellant should have been permitted to review the Government's submission via substituted disclosure. The Appellant did not have knowledge of the basis for the Government's injunction application. Thus, the harm imposed upon the Appellant by virtue of the non-disclosure weighs in favor of disclosure, albeit perhaps in a redacted manner for security purposes. For the District Court to have endorsed the annihilation of due process by precluding the Appellant and his attorneys from even minimal, censored or supervised access to the Government's motion papers is the sort of biased and unfair process Courts ordinarily prevent.

While the Appellant understands that there is typically a need to protect grand jury materials from an otherwise customary exchange of information, grand jury

secrecy would not have been violated if the Government's motion was redacted and subsequently made available in some useable fashion to Appellant's counsel. There is a particularized need to disclose the information at issue that outweighs the presumption of grand jury secrecy. "In all criminal prosecutions, the accused shall enjoy the right . . . to be informed of the nature and cause of the accusation [and] to be confronted with the witnesses against him . . . ."). *United States v. Fin. Indus. Regulatory Auth.*, 607 F. Supp. 2d 391, 393-94 (E.D.N.Y. 2009). While the State Action being stayed is a civil action, justice and fairness dictate that the Appellant has the right to be apprised of arguments contrary to his interests.

Furthermore, the Government's reliance on future probabilities is not sufficient to demonstrate that there was confidential information in the care and custody of the Government that the Government was required to protect from ordinary disclosure. As noted by this Court in *United States v. Ulbricht*, 858 F.3d 71, 106 (2d Cir. 2017), the District Court explained that it would "entertain a renewed application" for a "particularized disclosure' of facts relevant to [the defendant's] corruption if the government's trial tactics or evidence "open[ed] the door" to such facts. 858 F.3d 71, 106 (2d Cir. 2017). At a minimum, the District Court's decision to bar the Appellant from reviewing any of the Government's submissions constitutes an abuse of discretion because it failed to account for the fact that the Government may ultimately be required to disclose its submission.

Given the foregoing, the Appellant is not asserting that the grand jury materials must be unsealed and disclosed in full. Rather, the Appellant contends that the availability of a redacted version could fulfill due process obligations to the Appellant. It is the Appellant's contention that had the evidence secretly disclosed to the District Court been even partially disclosed, there was a reasonable probability that the outcome of the Government's application would have been different.

The District Court's decision effectively establishes that the Government may make *ex parte* applications at any time on a tenuous and prospective basis. The result of the District Court's injunction was to effectively preclude the Appellant's counsel from rendering effective legal assistance and deprives the Appellant of the customary due process that is expected in such proceedings.

## POINT II

### THE GOVERNMENT FAILED TO SHOW THAT THE INJUNCTION WAS "EXPRESSLY AUTHORIZED BY CONGRESS" PURSUANT TO THE ANTI-INJUNCTION ACT.

The Anti-Injunction Act, 28 U.S.C.S. § 2283, provides that a federal court may not enjoin proceedings in a state court except (1) as expressly authorized by Act of Congress, or (2) where necessary in aid of its jurisdiction, or (3) to protect or effectuate its judgments. *United States v. Schurkman*, 728 F.3d 129, 130 (2d Cir. 2013). Moreover, the explicit wording of the Anti-Injunction Act and the

{H3475595.1}                                    4

fundamental principle of a dual system of courts, requires any doubts as to the propriety of a federal injunction against state court proceedings to be resolved in favor of permitting the state courts to proceed in an orderly fashion to finally determine the controversy. *Schurkman*, 728 F.3d at 130; *Wyly v. Weiss*, 697 F.3d 131, 133 (2d Cir. 2012).

The Government first contends that it is "excepted" from the Anti-Injunction Act. Alternatively, the Government then argues that the District Court has the authority to enjoin state court litigation via the Government's application, because Congress enacted a statute, which expressly allows for an injunction. The Government cites to 18 U.S.C. § 1514, which permits a United States District Court, upon application of the government, to issue a temporary restraining order prohibiting harassment of a victim or witness in a federal criminal case if the Court finds that there are reasonable grounds to believe that harassment of an identified victim or witness in a federal criminal case exists. 18 U.S.C.S. § 1514(a)(1). Under 18 U.S.C. § 1514, "harassment" is defined as "a serious act or course of conduct directed at a specific person that causes substantial emotional distress. . .and serves no legitimate purpose." 18 U.S.C. § 1514(c).

*Holder v. Bankers Tr. Co.*, 1998 U.S. Dist. LEXIS 19861, at *1 (S.D.N.Y. Dec. 22, 1998) should have informed the decision of the District Court in this matter. In *Holder*, the government did not present facts to support any claim under 18 U.S.C.

{H3475595.1} 5

§ 1514, nor did the government identify any victim or witness who is being harassed. 1998 U.S. Dist. LEXIS 19861, at *3-4. Here, the Government did not show what harassing conduct the Appellant has engaged in, but rather hypothesizes on conduct that may or will occur. Likewise, the Government has not "identified" a victim or witness in the federal criminal case.

Similarly, the filing of a lawsuit in state court *one (1) year prior to a grand jury indictment* cannot be the basis and/or "reasonable grounds" to believe that harassment of an unidentified victim or witness in a Federal criminal case exists. In short, the Government cannot invoke speculation or vague possibilities to stay the State Action. The relevant section of the U.S. Code is unambiguous, as it requires such an application to include a statement of facts showing that there are "reasonable grounds" and "reasonable probability of success" for a Court to issue an injunction without notice to the adverse party. The Government in this case apparently *assumes* that the Appellant's motive to file the State Action was to intimidate and/or harass certain unidentified victims and witnesses, all in violation of 18 U.S.C. § 1514. The Appellant has never been provided with any evidence or facts which support that claim.

The State Action for defamation is not a related claim to the federal criminal proceedings and, the grounds identified by the Government are tenuous and cannot support an injunction under the first exception to the Anti-Injunction Act, 28

{H3475595.1}

6

U.S.C.S. § 2283. The Government's purported reasons for a stay lack specificity and are patently inadequate to satisfy the unambiguous requirements of 18 U.S.C. § 1514.

## CONCLUSION

Appellant was unreasonably and unlawfully deprived of the opportunity to challenge the Government's application. This Court should, respectfully, find that the District Court's decision to grant a stay of the State Action was an abuse of discretion.

DATED:     July 29, 2022

HOGANWILLIG, PLLC

*/s/Edward P. Yankelunas, Esq.*
Edward P. Yankelunas, Esq.
*Attorneys for Appellant*
2410 North Forest Road, Suite 301
Amherst, New York 14068

## <u>CERTIFICATE OF COMPLIANCE</u>

This brief complies with the type-volume limitations for F.R.A.P. § 32(a)(7)(A) and L.R. § 32.1(a)(4)(B) because the brief contains 1,435 words.

This brief complies with the type face requirements of F.R.A.P. § 32(a)(5) and the type style requirements of F.R.A.P. § 32(a)(6) because the brief has been prepared in a proportionally spaced type face using Microsoft Office Word with 14 point font size and Times New Roman style font.

DATED:      July 29, 2022

                              **HOGANWILLIG, PLLC**


                              <u>*/s/Edward P. Yankelunas, Esq.*</u>
                              Edward P. Yankelunas, Esq.
                              *Attorneys for Appellant*
                              2410 North Forest Road, Suite 301
                              Amherst, New York 14068

{H3475595.1}                              8